**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**ELIZABETH ARNOLD,**

                              **Plaintiff,**

**v.**                                                                      **16-CV-77V(Sr)**

**KIMBERLY S. MATTINA,**

                              **Defendant.**

**REPORT, RECOMMENDATION AND ORDER**

        This case was referred to the undersigned by the Hon. Lawrence J.

Vilardo, in accordance with 28 U.S.C. § 636(b)(1)(A), for all pretrial matters and to hear

and report upon dispositive motions. Dkt. #9.


        Currently before the Court is defendant's motion to dismiss the complaint

(Dkt. #2), and plaintiff's motion to amend the complaint.  Dkt. #6.  For the following

reasons, it is recommended that defendant's motion be granted and plaintiff's motion

be denied.


**FACTUAL BACKGROUND**

        On February 1, 2013, Kimberly Mattina provided the following signed

statement to the Amherst Police Department:

        I was teaching at North High School on 1/29/13 and I
        noticed that after my last period class at around 2:45 pm that
        someone had taken my iPhone which was on my desk.  I

know my phone was on my desk at the beginning of class so it was evident that someone in my last class had taken my iPhone from my desk. Early the next morning around 3:23AM, I checked on my home computer and found that my phone had pinged at around 10:30PM the night before at a location in Charlesgate Circle in Amherst. I also had my class list from WITS (Williamsville Information Tracking System) and cross-checked it to find that it was coming back to an address of . . . Charlesgate Circle which is the address of one of my students. The student's name is Aaren Arnold and he is in my last period math class. The day the phone was stolen, Aaren had come to my desk several times during the last period to ask for assistance with his work. I then went to the Amherst Police to report that my phone had been stolen and that it was showing as being located at the address in Charlesgate. We stayed at the police department while the police went to the address. The police returned a short while later and returned my iPhone.

Dkt. #5, p.6.

Aaren Arnold's mother commenced this action, *pro se*, alleging that this false statement caused the Amherst police to arrest her son. Dkt. #1, ¶¶ 5-6, 14 & 23. Ms. Arnold alleges that her son found the iPhone on the floor after the last period of the school day and brought it home to charge it so it could be returned to its owner. Dkt. #1, ¶¶ 7-9.

Subsequent to the return of her phone, Aaren Arnold's mother alleges that Ms. Mattina "spoke to the entire class about her phone being stolen and who did it," prompting other student's to harass Aaren. Dkt. #1, ¶ 16. Ms. Mattina is also alleged to have informed all of Aaren's teachers that the phone was stolen, thereby alienating her son, and to have "intentionally published the incident to all students at Williamsville

North High School."  Dkt. #1, ¶¶ 21-22.  By "insisting" that the phone was stolen, Aaren Arnold's mother alleges that Ms. Mattina "intentionally and negligently caused direct harm" to her son's reputation and academic achievement and "intentionally caused defamation of character."  Dkt. #1, ¶¶ 17-18.  Ms. Mattina is also alleged to have conspired with other school officials to obtain a confession from her son, resulting in school discipline.  Dkt. #1, ¶¶ 19-20.  She is also alleged to have identified Ms. Arnold's son as "a source of threat" so as to cause the Amherst town court to issue Ms. Mattina a temporary order of protection.  Dkt. #1, ¶ 15.

Ms. Arnold claims that Ms. Mattina "intentionally caused defamation of character to the plaintiff's son."  Dkt. #1, ¶ 18.  Ms. Arnold's complaint states that her complaint is "brought under slander law," for "Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress" and "for actual malice caused intentionally and negligently by the defendant."  Dkt. #1, ¶¶ 24-26.

Ms. Mattina moves to dismiss the complaint for lack of subject matter jurisdiction as there is no diversity or federal question presented and because plaintiff lacks standing to raise claims on behalf of her adult child.  Dkt. #2.  Moreover, defendant moves to dismiss the complaint for failure to state a claim and failure to comply with New York General Municipal Law §§ 50-e and 50-I, as well as expiration of the statute of limitations.  Dkt. #2.  An affidavit by the District Clerk of the Williamsville Central School District affirms that no notice of claim has ever been received regarding the claims raised by Ms. Arnold.  Dkt. #2-4, ¶ 4.

In response to the motion, Ms. Arnold argues that this court has federal question jurisdiction over this action as Ms. Mattina "was a direct cause of violating plaintiff's son['s] civil rights." Dkt. #5, ¶ 2. Ms. Arnold adds that Ms. Mattina informed her son on February 13, 2013 that he would have a criminal record and would not see a day in college," thereby demonstrating extreme and outrageous conduct by Ms. Mattina.  Dkt. #5, ¶ 3.  Ms. Arnold also complains that Ms. Mattina's receipt of a temporary order of protection against Aaren after the return of her phone is "outrageous and extreme conduct" which caused Aaren to fear physical harm at the hands of Amherst Police who were looking for Aaren.  Dkt. #5, ¶ 4.  Ms. Arnold alleges that Ms. Mattina continued to make the statement that "Aaren is a thief because he stole my iPhone" to numerous people, preventing Aaren from obtaining employment. Dkt. #5, ¶¶ 5-6.  Ms. Arnold alleges that a guest at her son's graduation party on June 26, 2016 advised her that Ms. Mattina informed him that Aaren stole her phone and was "not worthy to be graduated from high school."  Dkt. #5, ¶ 7.  Ms. Arnold asserts that her son will suffer future monetary loss due to his criminal record as a result of Ms. Mattina's statements. Dkt. #5, ¶ 13.

Ms. Arnold attached to her response a copy of Ms. Mattina's statement to the Amherst Police Department on February 1, 2013 and a copy of Officer Mayer's statement regarding his visit to Aaren Arnold's home to retrieve the iPhone.  Dkt. #5, pp. 6 & 8.  Officer Mayer's statement includes Aaren Arnold's date of birth,  December [ ], 1996.  Dkt. #5, p.8.

## DISCUSSION AND ANALYSIS

**Subject Matter Jurisdiction - Rule 12(b)(1)**

"[S]ubject matter jurisdiction is a constitutional prerequisite to a federal court's power to act." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 72 (2d Cir. 1988). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A defendant moving to dismiss pursuant to Rule 12(b)(1) "may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both." *Robinson v. Government of Malaysia,* 269 F.3d 133, 140 (2d Cir. 2001). "On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, the court may resolve the disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Zappia Middle East Construction Co. Ltd. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). A plaintiff asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that it exists. *Makarova,* 201 F.3d at 113.

28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *Gray v. Internal Affairs Bureau*, 292 F. Supp.2d 475, 477 (S.D.N.Y. 2003), *quoting State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). In the instant

case, plaintiff's factual allegations do not suggest a cause of action invoking a federal question.  Although plaintiff's response to the motion states that she is claiming a civil rights violation, plaintiff's factual allegations do not suggest any such cause of action. *See Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996) ("the pleadings of a *pro se* plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they could suggest.'"), *quoting Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

28 U.S.C. § 1332 affords the court subject matter jurisdiction where the plaintiff and defendant are of diverse citizenship, that is, the plaintiff may not be a citizen of any state of which any defendant is a citizen, and the amount in controversy exceeds the sum or value of $75,000.00.  As plaintiff and defendant are both residents of New York, diversity of citizenship does not afford this court subject matter jurisdiction.

**Constitutional Standing - 12(b)(1)**

Article III of the Constitution limits the jurisdiction of federal courts to the resolution of "cases" and "controversies."  To meet this requirement, a plaintiff must establish standing to sue for the relief requested, *i.e.,* that the plaintiff has a sufficiently personal stake in the outcome of the suit.  *Baker v. Carr*, 369 U.S. 186, 204 (1962). Stated another way, a party must assert her own legal rights and interests, and cannot rest her claim to relief on the legal rights and interests of third parties.  *In re Bernard L. Madoff Inv. Sec. LLC*, 721 F.3d 54, 58 (2d Cir. 2013), *cert. denied sub nom. Picard v. HSBC Bank PLC*, __ U.S. __, 134 S.Ct. 2895 (2014); *See Warth v. Seldin*, 422 U.S.

490, 499 (1975) ("A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action.").

This principle is codified by Rule 17(a)(1) of the Federal Rules of Civil Procedure, which provides that "[a]n action must be prosecuted in the name of the real party in interest."  While Rule 17 contains an exception to permit a parent to sue on behalf of his minor child, that exception does not apply to an adult child.  *Schuppin v. Unification Church*, 435 F. Supp. 603, 605 (D. Vt.), *aff'd*, 573 F.2d 1295 (2d Cir. 1977).  Moreover, parents do not have standing to assert claims on their own behalf for a violation of their child's rights. *Morgan v. City of New York*, 166 F. Supp.2d 817, 819 (S.D.N.Y. 2001).  As plaintiff has submitted documentation indicating that her son was a high school graduate and an adult when this action was filed (Dkt. #5, ¶ 7 & p.8), and plaintiff does not allege any injury to herself as a result of Ms. Mattina's actions, it is recommended that this action be dismissed for failure to establish constitutional standing.

**Motion to Amend**

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading by leave of court or by written consent of the adverse party.  Leave to amend is to be "freely granted" unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile.  *Foman v. Davis,* 371

U.S. 178, 182 (1962); *State Teachers Retirement Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a).  An amendment is futile if it cannot survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Parker v. Columbia Pictures Indus*., 204 F.3d 326, 339 (2d Cir. 2000).

To survive a motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

Plaintiff's motion to amend does not attach a proposed amended complaint, but rather requests an opportunity to correct any defects in her pleadings. Dkt. #6.  "Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Where, as here, however, the defects in the complaint are substantive and would not be cured by better pleading, a request to amend should be denied as futile.  *Id.*  In the instant case, even if there was any possibility that Ms. Mattina violated Aaren Arnold's civil rights, Ms. Arnold does not have standing to bring such a claim on behalf of her adult child.

**CONCLUSION**

For the reasons set forth above, it is recommended that defendant's motion to dismiss (Dkt. #2), be granted and plaintiff's motion to amend (Dkt. #6), be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report,  Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**    **Buffalo, New York**
**April 9, 2018**

**_s/ H. Kenneth Schroeder, Jr._**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**