7UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Elizabeth Arnold,

    Plaintiff,

  v.                                   16-CV-77
                                         Decision and Order

Kimberly S. Mattina,

    Defendant.

On January 29, 2016, the plaintiff commenced this action, alleging claims on behalf of her adult son, including constitutional violations and defamation. Docket Item 1. On March 26, 2018, this Court referred this case to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 9. On June 7, 2016, the defendant moved to dismiss for lack of jurisdiction and failure to state a claim. Docket Item 2. On July 8, 2016, the plaintiff responded and moved to amend the complaint, Docket Items 5 and 6; and on July 22, 2016, the defendant replied, Docket Item 8. On April 9, 2018, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the defendant's motion should be granted and that the plaintiff's motion should be denied. Docket Item 10. The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's

recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant the defendant's motion and deny the plaintiff's motion. This Court lacks subject matter jurisdiction, and the plaintiff's proposed amendments would not, and could not, cure that jurisdictional defect.

For the reasons stated above and in the R&R, the defendant's motion to dismiss, Docket Item 2, is GRANTED; the plaintiff's motion to amend the complaint, Docket Item 6, is DENIED; the complaint, Docket Item 1, is dismissed; and the Clerk of the Court shall close the file.

SO ORDERED.

Dated: June 26, 2018
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE